IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JOHN ROLAND, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-179-D |
|  | ) |  |
| OKLAHOMA CORRECTIONAL | ) |  |
| INDUSTRIES, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends dismissal of the case without prejudice due to Plaintiff's failure to pay the initial filing fee of $12.92 or show cause for nonpayment, as required by the Order Granting Leave to Proceed In Forma Pauperis [Doc. No. 10].

Plaintiff has filed a timely written objection to the Report. He does not dispute Judge Purcell's findings, however, or claim that he cannot pay the fee required by 28 U.S.C. § 1915(b)(1). Plaintiff instead asks for relief from the payment because he "has already been paying filing fees from his first § 1983 law suit." *See* Pl.'s Obj'n [Doc. No. 12], p.2. Plaintiff correctly points out that this action under 42 U.S.C. § 1983 is a refiling of a prior case, No. CIV-14-1182-D, that was dismissed without prejudice on November 19, 2015. Plaintiff was granted *in forma pauperis* status in that case, paid an initial partial filing fee of

$99.44, and has made additional payments totaling $173.75 to date.[1]  Plaintiff asserts that he should not have to "repay a new $350.00 filing fee" for what is essentially the same case, and he proposes that his payment obligation in this case "should start or re-start from his $173.75" already paid in the first case.  *See* Pl.'s Obj'n [Doc. No. 12], ¶ 7.

Plaintiff's timely and specific objection triggers the Court's duty to "make a de novo determination of those portions of the report . . . to which objection is made.  *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  The Court "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Liberally construing Plaintiff's objection, the Court finds the issue presented is whether Plaintiff should be required to pay a second $350 filing fee in the manner provided by the Prison Litigation Reform Act's amendments to the *in forma pauperis* statute, 28 U.S.C. § 1915(b), for re-filing the same claims asserted in Case No. CIV-14-1182-D.  The Supreme Court recently interpreted the meaning of the statute in *Bruce v. Samuels*, 136 S. Ct. 496 (2016), and its decision is instructive.  The issue in *Bruce* was whether an inmate who incurs multiple filing fees should be required to make simultaneous or sequential partial payments.  The Court found that the statute imposes a "per-case" rather than a "per-prisoner" payment obligation, reasoning as follows:  "Just as § 1915(b)(1) calls for assessment of '*an* initial partial filing fee' each time a prisoner 'brings *a* civil action or files *an* appeal'

---

[1] Despite the dismissal, payments will continue to be collected until the filing fee for the first case is paid in full.  *See Roland v. Okla. Corr. Indus*., Case No. CIV-14-1182-D, Order to Agency Having Custody of Plaintiff for Payment of Inmate Filing Fee (W.D. Okla. Dec. 29, 2014).

(emphasis added), so its allied provision, § 1915(b)(2), triggered immediately after, calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." *Bruce*, 136 S. Ct. at 632. The Supreme Court determined the parties' "extratextual points do not warrant a departure from the interpretation suggested by the text and context" of the statute. *Id*. at 633.

Similarly here, the Court finds Plaintiff's argument that he should not be required to pay another filing fee for re-filing the same claims (especially when a substantial portion of the first filing fee has already been paid) is contrary to the statute. By filing a second case, Plaintiff has incurred a second filing fee, which should be paid in the manner required by § 1915(b). The Court further finds, however, that any dismissal of this case may, in effect, operate as a dismissal with prejudice due to the statute of limitations.[2] Accordingly, the Court will give Plaintiff one additional opportunity to make the required initial fee payment before ordering the dismissal of his case.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED. This action will be dismissed without prejudice unless Plaintiff makes the initial partial payment of $12.92, or shows cause in writing for a failure to pay, within 21 days from the date of this Order.

---

[2] Plaintiff complains of events that happened in June 2014. A two-year statute of limitations borrowed from Oklahoma law applies to his § 1983 claim, and Oklahoma's savings statute permits only one refiling of a case dismissed "otherwise than upon the merits." Okla. Stat. tit. 12, § 100; *see Pointer v. W. Heights Indep. Sch. Dist.*, 919 P.2d 5, 6 (Okla. 1996) ("§ 100 operates to save an action for only one refiling after the statute of limitations has run").

IT IS SO ORDERED this 8th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE