IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN ROLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-179-D |
| | ) | |
| OKLAHOMA CORRECTIONAL | ) | |
| INDUSTRIES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation [Doc. No. 28] issued by United States Magistrate Judge Gary M. Purcell, recommending that the referral pursuant to 28 U.S.C. § 636(b)(1)(B) be vacated and the action set for trial. This recommendation is based on findings that Plaintiff timely served only Defendant Christopher Thompson and Defendant Thompson answered the Complaint but failed to file a dispositive motion within the deadline set by Judge Purcell.

No party has filed a timely written objection, but Plaintiff has instead filed a motion requesting the appointment of counsel to represent him for the anticipated trial. *See* Mot. Appointment Counsel [Doc. No. 29]. Accordingly, the Court finds that further review of all issues addressed by the Supplemental Report is waived by the parties who received notice.[1] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United*

---

[1] The unserved defendants have not appeared and likely did not receive notice of the action or the Supplemental Report. Therefore, they have not waived further review of the issues.

*States*, 950 F.2d 656, 659 (10th Cir. 1991). Upon consideration of Judge Purcell's Report, the Court finds that the referral should be terminated but that the case should not proceed against the unserved defendants and a trial setting would be premature.

On October 31, 2016, Judge Purcell issued an order directing Plaintiff to show cause why two defendants who had not been served with process should not be dismissed without prejudice for lack of service. Plaintiff has made no response.[2] Pursuant to Fed. R. Civ. P. 4(m), Plaintiff was required to complete service within 90 days, and pursuant to the Order Requiring Service and Special Report, the 90-day period ran from July 8, 2016, until October 6, 2016. No basis to extend the time period for service is apparent from the record.[3] Therefore, Rule 4(m) requires a dismissal without prejudice of the unserved defendants, Oklahoma Correctional Industries and the Department of Corrections.

Regarding the action against Defendant Thompson, Plaintiff appears *pro se* and *in forma pauperis* to seek damages under 42 U.S.C. § 1983 based on alleged unconstitutional conditions of confinement at the Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma. Specifically, Plaintiff claims that on June 17, 2014, Defendant Thompson was supervising Plaintiff's work for Oklahoma Correctional Industries at an inmate call center

---

[2] In Plaintiff's Motion for Appointment of Counsel, he asserts only that he is unable to conduct a jury trial of his action against Defendant Thompson without the assistance of an attorney.

[3] Judge Purcell expressly instructed Plaintiff regarding his obligation to complete the necessary service papers, which were provided by the Clerk of Court. Plaintiff promptly requested issuance of a summons only for Defendant Thompson. The summons was issued and provided to the United States Marshals Service for service. A timely return was filed showing personal service of Defendant Thompson on August 29, 2106.

located at JHCC when he shot Plaintiff in the arm with a blowgun that he used "to torment/harass inmates for no just cause, simply because he was in a power position given to him by the Department of Corrections." *See* Compl. [Doc. No. 1], p.3.

After screening the Complaint, Judge Purcell directed service of process, and Defendant Thompson timely answered, denying most of Plaintiff's allegations and asserting affirmative defenses. Judge Purcell subsequently set a deadline of November 30, 2016, for filing dispositive motions. No party made any further filing before Judge Purcell issued the Supplemental Report and Recommendation. Under these circumstances, the Court finds that the case against Defendant Thompson should proceed to trial. However, orderly trial preparation requires a case management order setting deadlines for the parties to disclose witnesses and exhibits, to complete discovery, and to make trial submissions. Therefore, the Court finds that it would be premature to issue a trial setting at this time and, instead, the case should be set for a scheduling conference.

Turning to Plaintiff's Motion for Appointment of Counsel [Doc. No. 29], the Court has discretion to request an attorney to represent a civil litigant who is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1); *see also Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Upon consideration, the Court finds that Plaintiff lacks sufficient skill and ability to try his case against Defendant Thompson and that legal representation for Plaintiff would facilitate further pretrial proceedings and a jury trial. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Accordingly, the Court finds that Plaintiff's Motion should
3

be granted to the extent that an attorney should be requested for Plaintiff through the volunteer program coordinated in this district by the Federal Bar Association.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 28] is ADOPTED in part, as set forth herein. The Court orders the termination of the referral to Judge Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). The Court further orders that Plaintiff's action against Defendants Oklahoma Correctional Industries and Department of Corrections is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m). The case against Defendant Christopher Thompson will be set on a scheduling conference docket.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. No. 29] is GRANTED, as set forth herein. The Court will request the assistance of the Federal Bar Association in locating volunteer counsel to represent Plaintiff.

IT IS SO ORDERED this 5th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE